# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| JAMIE CASTILLO, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:21-cv-50035 |
| WINDHAM PROFESSIONALS, INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff JAMIE CASTILLO ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of WINDHAM PROFESSIONALS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Illinois and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Illinois.

1

**PARTIES**

4. Plaintiff is a disabled consumer over 18-years-of-age residing in McHenry County, Illinois, which is located within the Northern District of Illinois.

5. Defendant is a third-party debt collector providing "customizable customer care and accounts receivable management solutions."[1] Defendant is a corporation organized under the laws of the state of Massachusetts with its principal place of business located at 380 Main Street, Salem, New Hampshire. Defendant regularly collects from consumers residing within the State of Illinois.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt that Plaintiff allegedly incurred with Comenity Bank ("subject debt").

8. Upon information and belief, after Plaintiff's purported default, the subject debt was eventually transferred to Defendant for collection purposes.

9. For the last couple of months, Plaintiff has been receiving calls to her cellular phone, (815) XXX-4152, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -4152. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has used a wide-array of phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (779) 204-1228 and (872) 255-8891.

---

[1] https://www.windhampros.com/

2

12. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activities.

13. Upon speaking with Defendant, Plaintiff is informed that it is acting as a debt collector attempting to collect upon the subject debt.

14. Plaintiff has informed Defendant that she is unable to address the subject debt and to cease contacting her.

15. For instance, on or about January 21, 2021, Plaintiff returned Defendant's phone call and reiterated her requests.

16. Rather than being understanding of Plaintiff's situation, Defendant has persisted with its collection phone calls, even contacting Plaintiff's daughter.

17. For instance, on or about January 27, 2021, Defendant called Plaintiff's daughter's cellular phone and informed her that Plaintiff owed the subject debt.

18. Plaintiff's daughter has even informed Defendant to stop calling.

19. Seeing no end to Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

20. As a result of Defendant's actions, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased usage of her telephone services, loss of cellular

phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though full set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has also been a member of the Association of Credit and Collection Professionals ("ACA") since 1984.[2]

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692b and §1692c

28. The FDCPA, pursuant to 15 U.S.C. §1692b(2), prohibits "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt [.]"

29. Furthermore, under § 1692(c)(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

---

[2] http://www.acainternational.org/search#memberdirectory

30. Defendant violated §§ 1692b(2) and c(b) of the FDCPA when it called Plaintiff's daughter and disclosed to her that it was attempting to collect upon a debt owed by Plaintiff.

31. Defendant's illegal disclosure caused Plaintiff frustration and humiliation.

### b. Violations of FDCPA §1692c(a)(1) and §1692d

32. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

33. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly contacted Plaintiff and her family after being notified to stop. This repeated behavior of systematically calling Plaintiff and her daughter's cellular phones in spite of their demands was harassing and abusive. The nature of Defendant's phone calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

34. Defendant was notified by Plaintiff and her daughter that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### c. Violations of FDCPA § 1692e

35. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. In addition, this section enumerates specific violations, such as:

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

37. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to contact Plaintiff on her cellular number. Instead of putting an end to this harassing behavior, Defendant systematically placed calls in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her when it no longer had consent to do so.

### d. Violations of FDCPA § 1692f

38. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

39. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by calling Plaintiff and her daughter after being told to stop. Attempting to coerce Plaintiff into payment by placing phone calls to her and her daughter without permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

40. Furthermore, Defendant violated § 1692f when it unfairly called Plaintiff's daughter and disclosed to her that it was attempting to collect upon a debt owed by Plaintiff.

41. As pled in paragraphs 19 through 22, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, JAMIE CASTILLO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

6

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 29th day of January, 2021.    Respectfully Submitted,

    */s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Jamie Castillo*